Singh v. Barr

BIA
Poczter, IJ
A206 894 259

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of September, two thousand twenty.

PRESENT:
> JON O. NEWMAN,
> RICHARD C. WESLEY,
> WILLIAM J. NARDINI,
> *Circuit Judges.*\*

_____

MANPREET SINGH, AKA RABI BAMADUR,
> *Petitioner,*

v.                                                    18-924
                                                      NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Deepti Vithal, Richmond Hill, NY.

---

\* Circuit Judge Peter W. Hall, originally a member of the panel, is currently unavailable. Circuit Judge Jon O. Newman has replaced Judge Hall on the panel for this matter. See 2d Cir. IOP E(b).

**FOR RESPONDENT:**  Jeffrey Bossert Clark, Acting Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Dana M. Camilleri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Manpreet Singh, a native and citizen of India, seeks review of a March 8, 2018, decision of the BIA affirming a May 12, 2017, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Manpreet Singh,* No. A 206 894 259 (B.I.A. Mar. 8, 2018), *aff'g* No. A 206 894 259 (Immig. Ct. N.Y. City May 12, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA and address only the grounds for the adverse credibility determination that the BIA relied on. *See Xue Hong Yang v. U.S. Dep't of Justice,*

2

426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's adverse credibility determination.

Singh alleged past persecution and a fear of future persecution on account of his political affiliation with the

Shiromani Akali Dal Amritsar ("SADA") party. The agency reasonably relied on inconsistencies and omissions relating both to his family's history of persecution on political grounds and threats his family received after he left India. Singh alleged that his father was a longtime member of SADA, but when asked on direct examination whether his father had been attacked, he said no. When pressed on cross-examination as to why he would have been targeted when his father had not been, Singh changed his story and alleged, for the first time, that his father had been attacked in the past. The agency reasonably relied on this inconsistency as well as Singh's omission of this fact from his application because it went to his family's history of political persecution. *See Xiu Xia Lin*, 534 F.3d at 167 (upholding agency's reliance on inconsistencies and omissions); *see also Hong Fei Gao*, 891 F.3d at 78–79 ("probative value of the omission of certain facts" turns on "whether those facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances"). Moreover, a letter from Singh's parents also omitted any mention of that attack despite referencing Singh's father's political affiliation.

4

*See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

The adverse credibility determination finds further support in an omission of the sole fact supporting Singh's claim that political opponents remained interested in him. *See Xiu Xia Lin*, 534 F.3d at 167. At the hearing he testified that his parents had received threats after he left India, but he omitted that fact from his written statement in support of his application. And, as with his father's past harm, his parents' letter also omitted this key information and thus did not rehabilitate his credibility on this point. *See Biao Yang*, 496 F.3d at 273. The agency was not required to credit Singh's explanations for the inconsistencies—that translators may have forgotten to include the information and that he and his parents chose to emphasize other facts. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate

5

that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). The adverse credibility determination is dispositive because Singh's claims for asylum, withholding of removal, and CAT relief were all based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, we DENY the petition for review. All pending motions and applications are DENIED and stays VACATED.

<div style="margin-left: 40%;">
FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
</div>